*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0102p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

DERRICK BROWN,

               *Petitioner-Appellant,*

    *v.*

MARCEL MILLS, et al.,

               *Respondents-Appellees.*

Nos. 08-5970/6107/6195

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 08-02139—Jon Phipps McCalla, Chief District Judge.

Decided and Filed:  April 25, 2011

Before:  KEITH, MARTIN, and COOK, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:**  Derrick Brown, Lewisburg, Pennsylvania, pro se.

———————————

**OPINION**

———————————

    BOYCE F. MARTIN, JR., Circuit Judge.  Derrick Brown, a pro se federal prisoner with an unusually long history of abusive litigation, appeals from a district court order dismissing his civil action, purportedly filed as a 28 U.S.C. § 2241 habeas corpus action, for failure to prosecute, based on Brown's failure to pay the required filing fee. These consolidated cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  The panel unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

1

On August 10, 2007, a federal jury convicted Brown of various drug and weapons offenses. On March 7, 2008, the district court sentenced him to a total of 387 months of imprisonment, to be followed by six years of supervised release. On June 19, 2009, we affirmed Brown's conviction and sentence. *United States v. Brown*, Nos. 08-5319/5402/5515 (6th Cir. June 19, 2009).

While he was awaiting sentencing, Brown submitted a pro se complaint on a 28 U.S.C. § 2241 habeas corpus form, asserting that officials at the privately-operated facility where he was then incarcerated were denying him access to the courts by restricting his access to legal materials, to the law library, and to telephone calls. He also complained that various officials were refusing to respond to his grievances regarding these matters and that they were tampering with and destroying his legal and family mail. Brown described his complaint as a "civil tort action for civil right's violation" and sought damages.

On April 28, 2008, the district court issued an order construing the complaint as a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and directing Brown to pay the full filing fee of $350 within ten days or face the dismissal of his action. The court noted that, in 2002, Brown was found to have accumulated three "strikes" under 28 U.S.C. § 1915(g) and was no longer eligible to proceed in forma pauperis in the Western District of Tennessee. By order dated July 16, 2008, the court noted that the April 28, 2008, order had been returned undelivered because of Brown's transfer to a federal correctional institution. The court thus extended by ten days the time for Brown to submit the filing fee. Brown filed a notice of appeal from the July 16, 2008, order, "extended from [the] order entered on April 29, 2008." That appeal was docketed as No. 08-5970.

On July 30, 2008, the district court ordered that Brown's action be dismissed without prejudice for failure to prosecute, based on his failure to pay the filing fee. Brown's appeal from this order was docketed as No. 08-6107. Brown's motion for an extension of time to pay the filing fee was filed on July 31, 2008. Brown's appeal from the order denying this motion for an extension was docketed as No. 08-6195.

Brown now argues that the district court erred by construing his § 2241 petition as a civil rights action without warning him of the consequences and without providing him a chance to withdraw or amend his action. He summarily contends that he "was also challenging the legality and the validity of his detention." Brown further argues that the court abused its discretion by denying him leave to proceed in forma pauperis and by denying him an extension of time to pay the fee.

We review for abuse of discretion a district court's dismissal for failure to prosecute. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). "An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made." *Id.* at 736 (citation omitted).

The district court did not abuse its discretion in dismissing Brown's action. First, the action was properly construed as a civil rights action rather than as a habeas action because Brown himself stated therein that he was asserting a "civil tort action for civil right's violation," he alleged violations of the First Amendment, and he sought monetary damages. Insofar as Brown complains about the district court's failure to warn him of the consequences of its recharacterization of his action, the district court effectively warned him about such consequences at length when it issued its § 1915(g) dismissal order in 2002. That order stated that Brown "shall not be permitted to file *any* further actions *in forma pauperis* without first obtaining leave of court," and it explained in painstaking detail the steps Brown was to take in order "[t]o obtain leave of court." Brown relies on *Castro v. United States*, 540 U.S. 375 (2003), for the proposition that the district court was required to warn him about the consequences of recharacterization, but *Castro* concerned the recharacterization of a civil rights complaint as a 28 U.S.C. § 2255 motion to vacate, *id.* at 381-82, the opposite of the circumstances at issue in this case. The concerns of *Castro* do not apply here.

Accordingly, Brown's motions to proceed in forma pauperis are granted for the purposes of this appeal only. The district court's orders are, however, affirmed.