GLD-226                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2490
_____

JAMES MURRAY,
                    Appellant

v.

FEDERAL BUREAU OF PRISONS;
HARRELL WATTS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-00771)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 24, 2012 )
_____

OPINION
_____

PER CURIAM

        James Murray filed a 28 U.S.C. § 2241 habeas corpus petition in the United States

District Court for the Middle District of Pennsylvania.  He claimed that he was being

1

denied access to legal materials and was not allowed to act in court on his own behalf.

The District Court dismissed the petition, and we will summarily affirm its judgment.[1] Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6. While habeas corpus petitions under 28 U.S.C. § 2241 can be used to challenge the "execution" of a federal sentence, Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012), they cannot be used to attack confinement conditions. Rather, such claims should be raised in a civil-rights suit. See Leamer v. Fauver, 288 F.3d 532, 544 (3d Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 520, 532 (2002) (discussing broad definition of "prison conditions"); Brown v. Mills, 639 F.3d 733, 734 (6th Cir. 2011) (approving the conversion of a § 2241 petition that attacked, inter alia, "restricting . . . access to legal materials [and] to the law library" as a civil-rights complaint). The District Court therefore correctly dismissed the petition without prejudice to Murray's commencing another action in the proper context.

For the foregoing reasons, the order of the District Court will be affirmed. Murray's motion to expedite is denied as moot.

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and conduct de novo review. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007); Fowler v. U.S. Parole Comm'n, 94 F.3d 835, 837 (3d Cir. 1996).