CLD-057                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3590
_____

DARRELL JAMES PARKS,
Appellant

v.

ERIC HIMPTON HOLDER, JR., United States Attorney General;
HARLEY G. LAPPIN, Director of Bureau of Prisons;
D. SCOTT DODRILL, Assistant Director of Correctional Programs Division;
HARRELL WATTS, General Counsel - Central Office;
WARDEN B.A. BLEDSOE, Warden

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:12-cv-00848)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 29, 2012

Before: RENDELL, JORDAN and GARTH, <u>Circuit Judges</u>

(Opinion filed: January 2, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

Darrell James Parks, a federal inmate currently incarcerated at USP Lewisburg in Lewisburg, Pennsylvania and proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his amended habeas petition pursuant to 28 U.S.C. § 2241 without prejudice to his right to file a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971). Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In his amended § 2241 petition, Parks alleges that in July 2011, while he was still housed in the Special Housing Unit ("SHU") at USP Victorville in Adelanto, California, he received notice of a hearing for his referral to the Special Management Unit ("SMU"). After his hearing on July 29, 2011, he was approved for placement in the SMU at USP Lewisburg, where he is currently confined. Parks challenges his placement in the SHU and his subsequent placement in the SMU, alleging that he was denied due process at his hearing and that he was placed in the SHU and SMU in retaliation for grievances he filed. Parks also alleges that the SMU program is unconstitutional, serves no penological purpose, and should be abolished. Finally, Parks asserts that his placement in the SMU violates his due process rights, that the SMU's conditions of confinement constitute cruel and unusual punishment in violation of the Eighth

2

Amendment, and that his Fifth Amendment rights were violated by mandatory disclosure of a psychology service curriculum.

On February 6, 2012, Parks filed his § 2241 petition in the United States District Court for the District of Columbia; he subsequently filed an amended § 2241 petition. On May 7, 2012, the District Court for the District of Columbia transferred Parks' petition to the District Court for the Middle District of Pennsylvania. On August 29, 2012, the District Court dismissed Parks' amended § 2241 petition without prejudice to his right to file a <u>Bivens</u> action. Parks timely filed this appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." <u>O'Donald v. Johns</u>, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam); <u>see</u> <u>also</u> <u>United States v. Friedland</u>, 83 F.3d 1532, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary.").

## III.

The District Court correctly determined that Parks' § 2241 petition does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484, 498-99 (1973). We have held that § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Woodall v. Fed. Bureau</u>

3

of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). While "the precise meaning of 'execution of the sentence' is hazy," id. at 242, we have defined execution to mean "to 'put into effect' or 'carry out,'" id. at 243 (citation omitted). "[T]o challenge the execution of his sentence under § 2241, [Parks] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). Parks has failed to do so here because he has not alleged that the BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment. Accordingly, we agree with the District Court that Parks' transfer does not give rise to a habeas claim and his claims, if any, may only be brought in a Bivens action.[1]

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the District Court's order dismissing Parks' § 2241 petition without prejudice. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

[1] We express no opinion as to the merits, if any, of any civil rights claim Parks may choose to file based upon the facts asserted in his § 2241 petition.