**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1423
_____

JESSE MCKINLEY CARTER, JR.,
                                                    Appellant

v.

B. A. BLEDSOE;
US ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 11-cv-01774)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2013

Before: SMITH, CHAGARES and SHWARTZ , Circuit Judges

(Opinion filed: May 31, 2013)
_____

OPINION
_____

PER CURIAM

        Appellant, Jesse McKinley Carter, Jr., appeals from the District Court's orders

dismissing his petition for a writ of habeas corpus and denying his motion for reconsideration.

We will affirm.

1

Carter is a federal prisoner who was previously incarcerated at the Federal Prison Camp in Lewisburg, Pennsylvania. In September 2011, Carter filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the criminal history score that prison officials assigned to him in his "Custody Classification Form." Specifically, Carter claimed that, although the District Court placed him in criminal history category I when calculating his sentence, his case manager noted a criminal history category of II when completing his Custody Classification Form. According to Carter, this error amounted to a "resentencing" that could affect "transfers and/or other programs that may become available in the near future."

The District Court determined that Carter's claim was not cognizable in a habeas petition because he was not challenging the fact or duration of his custody, see Preiser v. Rodriguez, 411 U.S. 475, 484 (1973), or the execution of his sentence, see Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Therefore, the District Court dismissed Carter's habeas petition without prejudice to his right to reassert his claim in a properly filed civil rights complaint. Carter sought reconsideration of the District Court's order, but the District Court denied relief. Carter now appeals from the District Court's orders.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 & 2253(a). We review de novo the District Court's dismissal of a habeas petition on jurisdictional grounds. Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002). We agree with the District Court that Carter's challenge to his custody classification is not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment, which is the

2

"essence of habeas." See Preiser, 411 U.S. at 484. Carter claims that his custody classification might affect his eligibility for future transfers or BOP Programs. But, in the absence of the type of change in custody level at issue in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), such a claim is not a proper challenge to the "execution" of a sentence cognizable in a § 2241 proceeding.[1] Thus, the District Court correctly determined that Carter's claim should be raised in a Bivens action. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate."). Accordingly, the District Court properly dismissed the petition without prejudice, and, because Carter's motion for reconsideration was simply an effort to re-litigate his earlier arguments, properly denied reconsideration as well, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For these reasons, we will affirm the District Court's orders.

---

[1] Our decision in Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), does not compel a different result. While we suggested in that case that a petition would be cognizable under § 2241 if it alleged that the "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment," id. at 537, such inconsistency must relate to the execution of the prisoner's sentence. Carter's allegations here concern his security designation, not the execution of his sentence.

3