CLD-445                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2669
_____

WILLIAM C. OSER,
                                        Appellant
v.

DIRECTOR CHARLES E. SAMUELS;
WARDEN J.E. THOMAS; WARDEN MARTINEZ
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-02535)
District Judge:  Honorable William J. Nealon
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 3, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges.

(Opinion filed: October 17, 2013)
_____

OPINION
_____


PER CURIAM

        William C. Oser, a federal inmate currently incarcerated at the United States

Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), appeals pro se from an

order of the United States District Court for the Middle District of Pennsylvania

1

dismissing his petition for a writ of habeas corpus without prejudice to his right to file a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Because the appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4 I.O.P. 10.6.

I.

According to Oser's habeas petition, in March 2012, while he was incarcerated at the United States Penitentiary at Pollock, in Louisiana, he was found guilty of a rule infraction and ordered to serve 15 days of disciplinary segregation. For reasons unknown, Oser was held in disciplinary segregation for 234 days, and was then transferred to the Special Management Unit ("SMU") at Lewisburg, where he remains. In December 2012, Oser filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his confinement at the SMU is in violation of the First, Fourth, Eighth, and Fourteenth Amendments.

The Magistrate Judge screened Oser's petition subject to Rule 4 of the Rules Governing Habeas Cases and determined that, because Oser was challenging the conditions of his confinement rather than the validity, duration, or execution of his conviction and sentence, Oser's claims were not within the scope of habeas corpus. Overruling Oser's objections, the District Court adopted the Magistrate Judge's recommendation and dismissed Oser's petition without prejudice to his filing a Bivens claim. Oser timely appeals.

II.

2

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm a judgment of the District Court if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### III.

The District Court correctly determined that Oser's § 2241 petition does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas." Preiser v. Rodriguez, 411 U.S. 475, 484, 498-99 (1973). We have held that § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (citing Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). While the "precise meaning of 'execution of the sentence' is hazy," id. at 242, we have defined execution to mean "put into effect" or "carry out," id. at 243 (citation omitted). "[T]o challenge the execution of his sentence under § 2241, [an inmate] would need to allege that [the Bureau of Prison's] conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). Oser has failed to do so here, as he has not alleged that his placement in the SMU was inconsistent with any express command or

---

[1] A certificate of appealability is not required to appeal the denial of a section 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

recommendation in his sentencing judgment.  See id.  Accordingly, we agree with the District Court that Oser's confinement in the SMU does not give rise to a habeas claim and that his claims if any should instead be brought in an action pursuant to Bivens.[2]

Accordingly, the District Court did not err in dismissing Oser's § 2241 petition. For substantially the same reasons set forth by the District Court, we will summarily affirm the District Court's order dismissing Oser's § 2241 petition.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] We express no opinion as to the merits, if any, of any civil rights claim Oser may choose to file based upon the facts asserted in his § 2241 petition.