NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3458
_____

TIMOTHY HATTEN
                                            Appellant
v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-02396)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 27, 2013

Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 4, 2013)
_____

OPINION
_____

PER CURIAM

    Timothy Hatten, a federal prisoner proceeding *pro se*, appeals the denial of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the following

reasons, we will summarily affirm.

1

Because we write primarily for the parties, we recite only the facts necessary for our discussion. Hatten is serving a prison sentence imposed by the District Court for the Southern District of Florida for federal narcotics law violations. See United States v. Glinton, 154 F.3d 1245 (11th Cir. 1998). Between January 2009 and July 2011, he was found guilty by Discipline Hearing Officers ("DHOs") of numerous disciplinary violations including destroying property, refusing to obey an order, threatening, and interfering with staff. Among other things, Hatten's disciplinary proceedings resulted in the loss of good conduct time credits. In December 2011, while he was incarcerated in a federal penitentiary in Lewisburg, Pennsylvania, Hatten filed a habeas petition claiming that his right to due process had been violated in those proceedings. The District Court determined that his claims were meritless and denied the petition. Hatten now appeals.[1]

It is well-settled that although "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply," prisoners have a liberty interest in statutory good time credits. Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974); see also 18 U.S.C. § 3624(b)(1). Thus, when a disciplinary hearing may result in the loss of credits, an inmate has a right to appear before an impartial decision-maker and must receive: (1) written notice of the charges at least 24 hours prior to the hearing; (2) an opportunity to call witnesses and present evidence; (3) an opportunity to receive assistance from an inmate representative; and (4)

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (certificate of appealability not required to appeal the denial of a federal prisoner's § 2241 petition). Our review of the District Court's legal conclusions is plenary. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012).

a written statement of the evidence relied upon and reasons for the disciplinary action. Wolff, 418 U.S. at 563–71. Revocation of good time must also be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 454 (1985). This requirement is minimal, and is satisfied if there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455–56.

We agree with the District Court that Hatten was afforded due process during the challenged disciplinary hearings as required by Wolff and Hill.[2] Despite his claims to the contrary, the DHO Reports for each of these incidents reflect that Hatten had ample notice in each case and that at each hearing he was afforded an opportunity to present evidence on his behalf,[3] received assistance from an inmate representative, and was given a copy of the written decision afterwards. We likewise agree with the District Court's determination that the revocation of good conduct time credits was supported by sufficient evidence in each instance.

In particular, we reject Hatten's argument that his due process rights were violated when the DHO conducted hearings relating to Incident Report Nos. 2177122, 2186134, and 2186530 after his removal. A prisoner's right to attend his own disciplinary hearings is implicit in the prisoner's right to call witnesses and present evidence. Battle v. Barton,

---

[2] It appears that several of Hatten's claims were not properly exhausted prior to filing the instant petition. Nevertheless, the District Court denied them on their merits. Because we agree with the District Court that these claims were meritless, any error in doing so was harmless. We note also that Hatten successfully appealed the results of his first hearing regarding Incident Report No. 1823778. The results were vacated, and he received a re-hearing on the charges. Any due process claims arising from the original, vacated proceedings are therefore moot.

[3] We agree with the District Court that Hatten's claims that he was denied access to video evidence in two of his proceedings was without merit. The evidence he sought to proffer was immaterial given that those proceedings related to incidents involving threats written by Hatten, copies of which were adduced during the hearing.

3

970 F.2d 779, 782 (11th Cir. 1992) (per curiam) (collecting citations). But that right is limited by "the competing concerns of maintaining institutional safety and other correctional goals." Id. (quoting Smith v. Mass. Dep't. of Corr., 936 F.2d 1390, 1399 (1st Cir. 1991); see also 28 C.F.R. § 541.8(e) (permitting DHOs to conduct hearings in absentia). Thus, the DHO was permitted to conduct the hearing in Hatten's absence if the reasons for doing so were "logically related . . . to 'institutional safety or correctional goals.'" Ponte v. Real, 471 U.S. 491, 497 (1985).

Here, the prison has met its burden to demonstrate that Hatten's removal was justified by such institutional concerns. See Grandison v. Cuyler, 774 F.2d 598, 604 (3d Cir. 1985). The DHO's reports indicate that Hatten was removed after telling the DHO that he had "fired" his staff representative and insisting that the hearing therefore could not proceed; when he was informed otherwise, he refused to participate further in the proceedings, instead raising his voice and alleging violations of his right to due process. It is indisputable that such behavior "threatened the basic correctional goal of institutional order and undermined the authority of the hearing panel." Battle, 970 F.2d at 783. Accordingly, we therefore hold that conducting Hatten's disciplinary hearing in his absence did not violate his right to due process under Wolff. Id. (holding that no due process violation occurred where an inmate was excluded from a disciplinary hearing after becoming uncooperative); see also Ponte, 471 U.S. at 497.

Because Hatten's appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

4