**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3080
_____

JOSE CRISTOBAL CARDONA,
                                            Appellant
v.

JEFFREY THOMPSON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-12-cv-00819)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2013

Before:  RENDELL, GREENAWAY, JR. and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 26, 2013)
_____

OPINION
_____

PER CURIAM

        Appellant Jose Cardona, a federal prisoner, appeals from an order of the District

Court denying his petition for writ of habeas corpus.  For the reasons that follow, we will

affirm.

Cardona, who was then incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania. In this petition, he challenged the Bureau of Prisons' decision to place and keep him in the Special Management Unit ("SMU"). He claimed that Program Statement 5217.01, pursuant to which he was placed in the SMU, was promulgated in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 553; that the BOP in placing him in the SMU improperly imposed an additional sentencing requirement on him; and that he has lost 120 days of Good Conduct Time as a result of his SMU placement. The District Court stayed the action pending Cardona's appeal in Cardona v. Bledsoe, D.C. Civ. No. 10-cv-02650, another of his habeas corpus petitions. In that case, we eventually held that Cardona's claim that the BOP placed him in the SMU in retaliation for filing numerous lawsuits did not concern the execution of his sentence and thus his habeas corpus petition was properly dismissed for lack of jurisdiction, see Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012). The stay in the instant habeas corpus action then was lifted, the Magistrate Judge recommended dismissal, and, in an order entered on June 20, 2013, the District Court, noting our decision in Cardona v. Bledsoe, dismissed the instant petition because Cardona's claims would not alter the fact or duration of his sentence.

Cardona appeals. We have jurisdiction under 28 U.S.C. §§ 1291 & 2253(a). We review de novo the District Court's dismissal of the habeas corpus petition on jurisdictional grounds. See Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002). In his Informal Brief, Cardona argues that his "forced participation" in the SMU has

2

acted as an additional sentencing requirement that was not intended by the sentencing court; that participation in the SMU is voluntary and cannot be compelled through loss of Good Conduct Time; that a failure to hear his case would result in a suspension of the writ; and that the BOP violated the notice and comment requirements of the APA in promulgating P.S. 5217.01.

We will affirm. In recommending dismissal of the section 2241 petition, the Magistrate Judge reasoned, and the District Court agreed, that jurisdiction was lacking to the extent that Cardona, in reality, was challenging the conditions of his confinement and not the execution of his sentence, see Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Moreover, contrary to his assertions, SMU placement was entirely consistent with the sentencing court's recommendation that Cardona be incarcerated at a high-level security prison.

The District Court properly dismissed Cardona's latest federal habeas corpus petition for lack of jurisdiction. Cardona was sentenced in the District of Minnesota to a term of imprisonment of 40 years, following his convictions for controlled substance violations. At sentencing, the District Judge recommended that he serve his sentence at USP Florence, or some other high security prison. As we noted in Cardona v. Bledsoe, after being transferred to USP Lewisburg, Cardona was referred to the SMU, which limits an inmate's contact with other inmates until he demonstrates the potential for positive community interaction, 681 F.3d at 534 (discussing P.S. 5217.01). The record

3

here shows that the BOP referred Cardona to the SMU based on his history of disruptive behavior.[1]

In his most recent habeas corpus petition, Cardona again challenged his placement in the SMU, but habeas corpus may not be used to challenge the conditions of confinement. See Leamer, 288 F.3d at 542. Here, Cardona did not contest the legality of his conviction or the fact or length of his sentence. His claims concerning his placement in the SMU are essentially "conditions of confinement" claims because the relief he seeks would not alter his sentence or undo his conviction. See id. at 542-44. In his petition, Cardona claimed that the BOP violated his right to due process by placing him in the SMU in order to force him to renounce his associations, but, as we recently explained, in order to challenge the execution of his sentence under section 2241, he would, at a minimum, have to show that the BOP's conduct is inconsistent with a command or recommendation of the sentencing court, Cardona v. Bledsoe, 681 F.3d at 537. Cardona has not made that showing here. There is nothing in the criminal judgment prohibiting his placement in the SMU or even mentioning the SMU. See id. His request to invalidate the procedures used to confine him in the SMU also is a "conditions of confinement" claim because, again, success for him would mean at most release into the general population; it would not mean a shorter stay in prison or placement in the

---

[1] The administrative record reveals that Cardona was placed in the SMU because he participated in gang-related activity and because he has a history of serious and disruptive disciplinary infractions.

community.  Accordingly, section 2241 is not available to Cardona to bring the APA claim either.[2]

Last, we decline to consider Cardona's contention on appeal that it would violate the Suspension Clause in his case to deprive him of this potential avenue of relief.  See generally Boumediene v. Bush, 553 U.S. 723, 746 (2008) ("The Court has been careful not to foreclose the possibility that the protections of the Suspension Clause have expanded along with post-1789 developments that define the present scope of the writ."). Although Cardona discussed the Suspension Clause in his reply, see Docket Entry No. 17, he did not include a Suspension Clause claim in his section 2241 petition, and the District Court did not address a Suspension Clause argument.  See, e.g., Newark Morning Ledger Co. v. United States, 539 F.2d 929, 932 (3d Cir. 1976) ("We generally refuse to consider issues that are raised for the first time on appeal.").  In any event, we seriously doubt that the Suspension Clause has been violated in Cardona's case because an adequate substitute for the writ exists in the form of a Bivens[3] action, which may generally be used to raise "conditions of confinement" claims.  Cf. Abernathy v. Wandes, 713 F.3d 538, 555 (10th Cir. 2013) (under *Boumediene*, statutory remedy may serve as

---

[2] Although a claim of loss of Good Conduct Time sounds in habeas corpus because the loss would affect the duration of the inmate's sentence, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005), the District Court did not err in declining to treat Cardona's assertion of a loss of 120 days as a separate, cognizable claim.  The allegation was pled not as a separate claim but as an example of the conditions of confinement relating to SMU placement.  See Petitioner's Objections, at 4 (The "SMU Program is . . . designed to defraud prisoners of good conduct credit by and through conspiratorially planned disciplinary actions.").

[3] See Bivens v. Six Unknown Officers, 403 U.S. 388 (1971).

adequate substitute for habeas writ, so long as it sufficiently entitles prisoner to meaningful opportunity to demonstrate that he is being held in violation of law).

For the foregoing reasons, we will affirm the order of the District Court denying Cardona's petition for writ of habeas corpus.