**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2396
_____

JOSE CRISTOBAL CARDONA,

Appellant

v.

WARDEN B. A. BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-10-cv-02650
District Judge: The Honorable James M. Munley

Argued May 17, 2012

Before: SMITH, and FISHER, *Circuit Judges*

and STEARNS, *District Judge*[*]

(Filed: June 19, 2012)

David M. McCleary  [ARGUED]
Duquesne University School of Law
600 Forbes Avenue
Pittsburgh, PA  15282

Adrian N. Roe
Suite 1331
707 Grant Street
Gulf Tower
Pittsburgh, PA  15219
        *Counsel for Appellant*

Kate L. Mershimer  [ARGUED]
Mark E. Morrison
Office of the United States Attorney
228 Walnut Street
P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA  17108
        *Counsel for Appellee*

---

[*]The Honorable Richard G. Stearns, United States District Judge for the United States District Court of Massachusetts, sitting by designation.

————————————

OPINION

————————————

SMITH, *Circuit Judge.*

Jose Cristobal Cardona, a federal inmate, petitions for habeas relief under 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") illegally referred him to the Special Management Unit ("SMU") of the penitentiary in which he is currently placed, as punishment for filing numerous lawsuits against the BOP. The sole issue raised in this appeal is whether Cardona may maintain this suit as a habeas action under § 2241, or whether he must instead file a civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), to seek redress. The District Court dismissed Cardona's petition for lack of jurisdiction, holding that Cardona's claims were not properly brought under § 2241. We agree, and will affirm.

I.

On March 28, 2002, Cardona was convicted by a jury in the District of Minnesota of one count of conspiracy to possess with intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846; one count of conspiring to possess with intent to distribute less than 100 grams of

heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 846; one count of possession with intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B); and one count of possession with intent to distribute over 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). Cardona was sentenced, *inter alia*, to 480-months imprisonment.

Since being sentenced, Cardona has been transferred between several federal correctional facilities. At some time prior to February 27, 2009, Cardona was transferred to the United States Penitentiary in Lewisburg, Pennsylvania, where he remains. On that date, BOP served Cardona with a notice that he was being referred to the SMU. The SMU provides a four-step program that limits an inmate's contact with other prisoners and limits access to the inmate's own personal property. An inmate referred to the SMU is gradually allowed to reintegrate, so long as he or she demonstrates "the potential for positive 'community' interaction." App'x JA031. Section 5217.01 of BOP's Program Statement (the "Program Statement"), *see* App'x JA023-34, provides that referral to the SMU is "non-punitive" and is appropriate, *inter alia*, when an inmate has a history of serious disciplinary infractions.

Between Cardona's sentencing and his referral to the SMU, Cardona filed more than seven lawsuits challenging various aspects of his conviction and the

4

conditions of his confinement. Cardona considers himself "a natural born Mexican American freedom fighter [who] files lawsuits against [BOP] officials and fights for the freedom of unlawful convictions and injustices by the U.S. government's corrupt officials against the Mexican people." App'x JA017. Cardona believes that his referral to the SMU was an attempt to punish him for his history of litigation.[1]

On December 28, 2010, Cardona filed a *pro se* habeas petition under 28 U.S.C. § 2241, contesting his referral to the SMU. Cardona argued that his referral to the SMU was punitive, and was thus "illegal" under the Program Statement.[2] On January 24, 2011, the District Court dismissed Cardona's petition for lack of jurisdiction. The Court held that Cardona's placement in the SMU did not "affect the fact or duration" of his incarceration, and that his claim therefore did not lie in

---

[1] Cardona concedes that BOP's notice stated that his referral was the result of various narcotics-related infractions. App'x JA017. Cardona argues that he has been "free from incident reports" since June 3, 2008, implying that BOP's justification was pretextual.

[2] Cardona also raised claims under the Administrative Procedures Act. Those claims have not been raised on appeal, and we do not address them here.

habeas. App'x JA011. The Court dismissed Cardona's petition without prejudice to file a civil rights action raising the same allegations under *Bivens*. On January 28, 2011, Cardona timely filed a *pro se* motion for reconsideration under Federal Rule of Civil Procedure 59(e). On May 16, 2011, the District Court denied Cardona's motion.

On May 20, 2011, Cardona timely filed a *pro se* notice of appeal. On July 14, 2011, we appointed *pro bono* counsel.[3] We directed counsel to address "along with any other issues, whether Appellant's claims may be brought pursuant to 28 U.S.C. § 2241." App'x JA013.

## II.

Cardona raises a single, discrete issue on appeal: whether the District Court erred by dismissing his petition for lack of subject-matter jurisdiction. We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 & 2253(a). We review *de novo* the District Court's dismissal of a habeas petition on jurisdictional grounds. *Okereke v. United States*, 307 F.3d 117, 119 (3d Cir. 2002).

---

[3] We express our appreciation to *pro bono* counsel, Adrian N. Roe, law student David M. McCleary, and the Duquesne University School of Law Bill of Rights Clinic, for their able representation of Cardona in this matter.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates. The exact interplay between § 2241 and § 2255 is complicated, and explication of that relationship is unnecessary for resolution of this appeal. *See generally In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). What is relevant for our purposes is that unlike § 2255, which only confers jurisdiction over "challenges [to] the validity of the petitioner's sentence[,]" we have held that § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."[4] *Woodall v. Fed. Bureau*

---

[4] Cardona argues that the District Court erred by holding that "[f]ederal habeas relief is unavailable unless the petition attacks 'the validity of the continued conviction or the fact or length of the sentence.'" App'x JA011. We agree, insofar as the District Court failed to recognize that § 2241 extends jurisdiction to claims concerning the execution of a federal inmate's sentence. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005). Nonetheless, "[w]e may affirm a district court for any reason supported by the record." *Brightwell v. Lehman*, 637 F.3d 187, 191 (3d Cir. 2011).

*of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (quoting *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)).[5]

Admittedly, "the precise meaning of 'execution of the sentence' is hazy." *Woodall*, 432 F.3d at 242. We considered this issue in detail in *Woodall*. There, the sentencing court specifically included in its sentencing judgment a recommendation that the petitioner "spend the last six months of his sentence in a halfway house[,]" in accordance with 18 U.S.C. § 3624(c). *Woodall*, 432 F.3d at 238. Despite this recommendation, BOP refused to place Woodall in a Community Corrections Center

---

[5] Other Courts of Appeals have also held that § 2241 permits challenges to the execution of an inmate's sentence. *See, e.g.*, *Gonzales-Fuentes v. Molina*, 607 F.3d 864, 875 n.9 (1st Cir. 2010); *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008); *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

("CCC")[6] for more than ten weeks, citing its own internal regulations. Woodall filed a habeas petition under § 2241, challenging BOP's decision to limit his placement in a CCC to ten weeks.

We held that Woodall's claim concerned the execution of his sentence, and was properly brought under § 2241. We defined execution as meaning "to 'put into effect' or 'carry out.'" *Woodall*, 432 F.3d at 243 (quoting *Webster's Third New Int'l Dictionary* 794 (1993)). Woodall was challenging the inconsistency between the sentencing court's recommendation and BOP's refusal to abide by that recommendation. As we noted, "[c]arrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution." *Id.* Because Woodall's habeas petition claimed that BOP was not "carrying out" his sentence as directed, we held that his petition was reviewable under § 2241.

Similarly, in *McGee v. Martinez*, 627 F.3d 933, 936-37 (3d Cir. 2010), the petitioner was sentenced to 120-months imprisonment and assessed a $10,000 fine. The sentencing judgment provided that while the petitioner was in prison, "[p]ayment [of the fine] is to be made from prison earnings at a rate of $20.00 per

---

[6] We noted that a CCC was for all intents and purposes indistinguishable from a halfway house. *See Woodall*, 432 F.3d at 240 n.4.

9

month[.]" *Id.* at 934. Despite this specified rate of repayment in McGee's sentencing judgment, BOP placed McGee on an Inmate Financial Responsibility Plan ("IFRP") that required McGee to make payments at a rate of $25 per month. McGee filed a habeas petition under § 2241, challenging BOP's decision to increase the rate of repayment in his IFRP beyond the rate provided for by the sentencing court.

Again, we held that McGee's claim concerned the execution of his sentence, and was properly brought under § 2241. In so holding, we emphasized the fact that McGee's petition was "at bottom, a challenge to the IFRP and its requirement that McGee pay [$25 per month] when his sentence . . . requires only $20 per month[.]" *Id.* at 937. Indeed, we characterized McGee's petition as "argu[ing] that the payment terms imposed by [BOP] (in the IFRP) are illegal in that they conflict with the terms imposed by the sentencing court (in the judgment)." *Id.*

The petitions in *Woodall* and *McGee* both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment. That is, both petitions claimed that the BOP was not properly "'put[ting] into effect' or 'carry[ing] out'" the directives of the sentencing judgment. *Woodall*, 432 F.3d at 243; *see also Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (holding that an inmate's civil rights claim could not "be construed as seeking a judgment at odds with his

10

conviction or with the State's calculation of time to be served in accordance with the underlying sentence[,]" and thus "raised no claim on which habeas relief could have been granted on any recognized theory"). For that reason, we held that Woodall and McGee's petitions concerned the execution of their sentences, and that § 2241 authorized a federal district court to exercise jurisdiction over both petitions.

In order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment.[7] Cardona has failed to do so here. He has not alleged that BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment. Indeed, at oral argument, Cardona conceded that there was nothing in the judgment forbidding, or even concerning, his placement in the SMU. Cardona's petition simply does not concern how BOP is "carrying out" or "putting into effect" his sentence, as directed in his sentencing judgment. Consequently, Cardona has not challenged the

---

[7] We do not suggest that contesting *any* express recommendation from the sentencing court will *necessarily* give rise to habeas jurisdiction under § 2241. There may be circumstances where an alleged discrepancy between a court's recommendation and the BOP's conduct do not give rise to a habeas claim.

11

execution of his sentence, such that the District Court would have jurisdiction over his petition under § 2241.

Cardona alternatively argues that his claim is a challenge to the length of his confinement, and therefore may be brought in a habeas petition. He argues that as a consequence of his referral to the SMU, he becomes eligible to lose "good time credits" that might have resulted in a lower sentence. We considered this argument in detail in *Leamer*, where a New Jersey inmate challenged his placement in a Restricted Activities Program, which consequently made him ineligible for parole. *Leamer v. Fauver*, 288 F.3d 532, 536 (3d Cir. 2002). There, we held that such a claim was not properly brought in habeas because "a favorable decision of Leamer's challenge would [not] *necessarily imply* that he would serve a shorter sentence[.]" *Id.* at 543. That is, even if Leamer was removed from the Restricted Activities Program and became eligible for parole, he might not necessarily receive a shorter sentence. The facts here are virtually indistinguishable from *Leamer*. Even if Cardona's placement in the SMU makes him eligible to lose good time credits, he might not end up losing any.[8]

---

[8] Indeed, the Supreme Court's recent opinion in *Pepper v. United States*, --- U.S. ---, 131 S. Ct. 1229 (2011) calls into question whether an inmate can even bring a habeas claim for an *actual* loss of good time credits, holding that

12

Cardona's claims do not concern the execution of his sentence, because the BOP's conduct is not inconsistent with his sentencing judgment. Cardona's claims also would not *necessarily* result in a change to the duration of his sentence. Thus, "granting [Cardona's] petition would [not] 'necessarily imply' a change to the . . . duration, or execution of the petitioner's sentence." *McGee*, 627 F.3d at 936. As such, Cardona's claims were not properly brought in a habeas petition under § 2241, and the District Court correctly dismissed his petition for lack of subject matter jurisdiction.[9]

---

"[a]n award of good time credit by the [BOP] does not affect the length of a court-imposed sentence; rather, it is an administrative reward 'to provide an incentive for prisoners to compl[y] with institutional disciplinary regulations.'" *Id.* at 1248 n.14 (internal quotation marks omitted) (quoting *Barber v. Thomas*, 560 U.S. ---, 130 S. Ct. 2499, 2505 (2010)).

[9] We have held that a challenge to the conditions of an inmate's confinement may be brought in a civil rights action. *See McGee*, 627 F.3d at 936 (discussing *Leamer*). The Government suggests that *because* Cardona's petition concerns the conditions of his confinement, and thus would properly be brought in a civil rights action, that he *cannot* raise these same claims in a habeas petition. Because we determine that Cardona's claim

13

III.

We conclude that Cardona's claims were not properly brought in a habeas petition under § 2241, and as such, that the District Court lacked jurisdiction over his petition. We will affirm the judgment of the District Court.

---

does not concern the execution of his sentence, it is irrelevant whether or not his claims concern the conditions of his sentence; we express no opinion on whether Cardona could bring his claims in a civil rights action under *Bivens*.