**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2975
_____

DAMION BRYAN,
                                        Appellant

v.

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 12-cv-00372)
District Judge: Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2012

Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: December 4, 2012)
_____

OPINION
_____

PER CURIAM

Damion Bryan appeals from an order of the District Court denying his habeas

corpus petition without prejudice.  For the reasons that follow, we will affirm.

1

Bryan, a native and citizen of Jamaica, was ordered removed by an Immigration Judge and the Board of Immigration Appeals affirmed his removal order on March 28, 2003. Bryan was removed from the United States but he re-entered. He was charged with and pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2), and was sentenced on January 19, 2010 in the United States District Court for the Southern District of New York to a term of imprisonment of 46 months, see D.C. Crim. No. 05-cr-00357. Upon his release, Bryan was taken into immigration custody in Clinton County, Pennsylvania.

On or about February 25, 2011, Bryan filed a Form N-600, Application for Certificate of Citizenship, with the United States Citizenship and Immigration Services ("USCIS"). On June 29, 2011, USCIS issued a decision denying the application. The USCIS officer made a number of findings and concluded that Bryan did not meet the statutory requirements for derivative citizenship through his stepfather's naturalization because his stepfather had not adopted him prior to his [Bryan's] reaching majority. This decision by District Director Andrea J. Quarantillo indicated that Bryan could appeal to the Administrative Appeals Office in Washington, D.C. within 30 days.

On February 28, 2012, Bryan filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, seeking review of the June 29, 2011 USCIS decision denying his application for naturalization. Following the filing of a response by the Government, and a Report and Recommendation by the Magistrate Judge, the District Court, in an order entered on June 11, 2012, dismissed the petition without prejudice because district courts may not

exercise habeas corpus jurisdiction over a claim of citizenship. The District Court held that jurisdiction over nationality claims would lie only with a court of appeals, see Jordon v. Att'y Gen. of U.S., 424 F.3d 320, 326-27 (3d Cir. 2005) (REAL ID Act gave appellate review of derivative citizenship claims to court of appeals and eliminated habeas jurisdiction in the district courts).

Bryan timely appealed, and filed a motion for stay of removal, which we denied. Bryan then was removed to Jamaica on July 26, 2012. We have jurisdiction under 28 U.S.C. § 1291. See Remick v. Manfredy, 238 F.3d 248, 254 (3d Cir. 2001) (if plaintiff cannot cure defects or declares his intention to stand on motion, order dismissing without prejudice is appealable). The parties have submitted briefs, and the Government, in addition to submitting a brief, has filed a motion to dismiss the appeal for mootness. Bryan argues in his brief that the District Court should have transferred his habeas corpus petition to this Court instead of denying it without prejudice. We review *de novo* the dismissal of a habeas corpus petition on jurisdictional grounds. See, e.g., Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012).

We will affirm the order of the District Court denying the habeas corpus petition without prejudice. Bryan's habeas corpus petition was filed after the May, 2005 enactment of the REAL ID Act, and thus the District Court did not have jurisdiction over the petition. In the REAL ID Act, Congress made a petition for review with the appropriate circuit court of appeals the sole and exclusive means of judicial review for nationality claims. Jordan, 424 F.3d at 326-27 (citing 8 U.S.C. § 1252(a)(5)). The REAL ID Act included a transitional rule that allowed district courts to transfer habeas corpus

3

petitions pending in the district courts at the time of the Act's enactment, see REAL ID Act., § 106(a), (c), Pub.L. No. 109-13, Div. B Title I (permitting transfer of petitions which were pending in district courts on May 11, 2005), but Bryan's habeas corpus petition was filed after the enactment date of the REAL ID Act, and thus the District Court properly dismissed it without prejudice to Bryan's ability to file a similar petition directly in this Court.[1]

For the foregoing reasons, we will affirm the order of the District Court denying Bryan's habeas corpus petition without prejudice. The Government's motion to dismiss for mootness is denied.

---

[1] Bryan did just that in an appeal docketed at C.A. No. 12-3006.