CLD-234                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1586
_____

NORMAN SHELTON,
Appellant

v.

CHARLES SAMUELS, Assistant Director; WARDEN  THOMAS;
NORWOOD, Regional Director; A. W. YOUNG

On Appeal from the United States
District Court for the Middle District of Pennsylvania

(D.C. Civil No. 3:13-cv-00220)
District Judge:  Honorable William J. Nealon
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit Judges</u>

(Opinion filed: July 11, 2013)
_____

OPINION
_____

PER CURIAM

        Norman Shelton is a federal prisoner incarcerated at USP Lewisburg.  Proceeding
pro se, he filed a 28 U.S.C. § 2241 habeas corpus petition attacking his continued
confinement in the Special Management Unit of the penitentiary.  Shelton sought release

from the unit, termination of the entire program, and $150,000 in damages. Explaining that Shelton's claims were not properly brought in a § 2241 petition, the District Court dismissed it. Shelton appealed. We have jurisdiction to review the District Court's judgment under 28 U.S.C. §§ 1291 and 2253(a)(1). See also United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000).

This appeal is squarely controlled by Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012),[1] in which a prisoner "argu[ed] that the Bureau of Prisons ('BOP') illegally referred him to the Special Management Unit . . . as punishment for filing numerous lawsuits against the BOP." Id. at 534. In that case, as here, the District Court dismissed the petition because the redress requested was properly sought in "a civil rights action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)." Id. Clarifying our § 2241 jurisprudence, we explained that "[i]n order to challenge the execution of his sentence under § 2241, [a prisoner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537. Shelton's petition alleges nothing of the sort; thus, as in Cardona, "the District Court correctly dismissed his petition for lack of subject matter jurisdiction." Id. at 537. But see id. at 537 n.9 (expressly declining to consider whether a Bivens suit would be an appropriate alternative).

---

[1] In light of our controlling precedent, we must reject the arguments that Shelton raises in his Memorandum of Law based on statements in cases (such as Levine v. Apker, 455 F.3d 71 (2d Cir. 2006)) from the Second Circuit Court of Appeals.

Because no substantial question is presented by this appeal, we will summarily affirm the judgment of the District Court.  See <u>Murray v. Bledsoe</u>, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); <u>see also</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  To the extent that Sheldon requests independent relief in his pending filings, his requests are denied.