**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2409
_____

NORMAN SHELTON,
                                        Appellant

v.

S. E. THOMAS; U.S. ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 13-cv-00404)
District Judge:  Honorable William J. Nealon Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2013
Before:  JORDAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: September 24, 2013)
_____

OPINION
_____

PER CURIAM

Appellant Norman Shelton is a federal prisoner incarcerated in USP Lewisburg; he

has been held in the Special Management Unit (SMU), he alleges, since August 27, 2009.

Proceeding pro se, he filed a 28 U.S.C. § 2241 habeas corpus petition attacking his

continued confinement in the SMU.  Shelton requested release from the SMU, money

damages, and that a criminal indictment be filed against a prison official. The District Court dismissed Shelton's petition, holding that his claims were not properly brought in a § 2241 petition, and Shelton appealed. We have jurisdiction to review the District Court's judgment under 28 U.S.C. §§ 1291 and 2253(a).

The District Court correctly determined that Shelton's § 2241 petition does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). While it is true that we have held that § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (internal quotation marks omitted), "to challenge the execution of his sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment," Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). Shelton has made no such allegation; instead, he argues that he has been held in the SMU for longer than federal law permits and in violation of his due process rights. Thus, as in Cardona, "the District Court correctly dismissed his petition for lack of subject matter jurisdiction." Id. at 537.[1]

---

[1] Principles of preclusion also bar Shelton's action. He previously filed a materially indistinguishable action in the District Court, which the District Court dismissed for lack of jurisdiction. He then appealed to this Court, and we affirmed. See C.A. No. 13-1586. Although res judicata does not inevitably bar a second action when the first action was dismissed for lack of jurisdiction, see Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances, 723 F.2d 357, 360 (3d Cir. 1983), a party is precluded

We will therefore affirm the District Court's judgment.

---

from relitigating "matters actually adjudged" in the first case, <u>Bromwell v. Mich. Mut. Ins. Co.</u>, 115 F.3d 208, 212 (3d Cir. 1997) (internal quotation marks omitted).  Therefore, the ruling in Shelton's first case that his challenge to his placement in the SMU is not cognizable under § 2241 bars his attempt in this case to bring the same claim under the same statute.