**ALD-177**                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3589
_____

DERRICK L. BROWN,
Appellant

v.

PRESIDENT AMERICAN FEDERATION GOVERNMENT
EMPLOYEES, AFGE Local 148 (union); WARDEN LEWISBURG USP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 14-cv-01287)
District Judge: Honorable Richard P. Conaboy

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2015

Before: RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: May 7, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In July 2014, Derrick Lakeith Brown, a federal inmate housed in Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. In the petition, Brown alleged that he had been sexually assaulted by prison staff and denied medical care in connection with the assault. Brown further alleged that prison staff had attempted to cover up the incident, and claimed that their actions violated his rights under the Eighth, First, and Fifth Amendments, the Prison Rape Elimination Act of 2003, and other Bureau of Prisons ("BOP") regulations. The District Court screened Brown's petition pursuant to Rule 4 of the Rules Governing Habeas Cases and determined that, because Brown was challenging the conditions of his confinement rather than the validity, duration, or execution of his conviction and sentence, his claims were not within the scope of habeas corpus. Therefore, the District Court summarily dismissed Brown's petition without prejudice to his right to bring his claims in a civil rights action.[1] Brown now appeals from the District Court's order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of Brown's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

We agree with the District Court that Brown's claims were not properly brought under § 2241. As the District Court correctly explained, § 2241 "confers habeas

---

[1] Brown filed a § 2241 petition in June 2014 containing similar allegations concerning a separate incident. The District Court summarily dismissed that petition as well. See Brown v. Thomas, No. 14-cv-1093 (Order entered Jul. 2, 2014).

jurisdiction to hear the petition of a federal prisoner who is challenging . . . the execution of his sentence." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). While we have noted that "the precise meaning of 'execution of the sentence' is hazy," we have made clear that a challenge under § 2241 must be to the manner in which the sentence is being "put into effect" or "carr[ied] out." Id. at 242-43; see also Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that, in order for a prisoner to challenge the execution of his sentence under § 2241, he must allege that the "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment"). Brown's allegations of sexual assault and complaints about the prison's response thereto concern the conditions of his confinement, not the manner in which his sentence is being carried out. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [and not habeas corpus] is appropriate."). Therefore, the District Court properly determined that Brown's claims are not cognizable under § 2241, and properly dismissed the petition.

Because this appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; I.O.P. 10.6.