BLD-293                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1647
_____

DARRELL PARKS,
                              Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-02886)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
August 6, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Filed: August 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

       Pro se appellant Darrell Parks, a federal inmate, appeals the District Court's

dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241, in which Parks

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

requested expungement of an incident report from his prison disciplinary record.

Because the appeal fails to present a substantial question, we will summarily affirm the

District Court's judgment. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

The parties are familiar with the facts, which we only briefly summarize here.

Prison staff filed an incident report against Parks after he was accused by medical staff of

spitting out his medication. Parks denied spitting out the medication and claimed the

staff member mistook pieces of soap in his sink for pills. Parks was cited for misuse of

medication, refusing an order, making a false statement to staff, and interfering with a

staff member's duties. After a hearing, he was found to have committed only the first of

those infractions and his visitation privileges were removed for thirty days. Parks filed a

petition for a writ of habeas corpus, claiming prison officials violated his right to due

process by not following their own procedures and by not offering him sufficient

opportunity to defend himself. The District Court dismissed the petition for lack of

jurisdiction and Parks appealed. We have jurisdiction over this appeal pursuant to 28

U.S.C. § 1291.[1] We review the District Court's dismissal for lack of jurisdiction de novo.

See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 197 (3d Cir.

2007). We may affirm a District Court's judgment on any grounds supported by the

record. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

---

[1] Parks does not need a certificate of appealability because he is a federal prisoner proceeding under 28 U.S.C. § 2241. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

Section 2241 gives district courts jurisdiction over the "petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). To bring a valid petition under § 2241 attacking execution of his sentence, Parks would have to "allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537. A prisoner may not seek habeas relief under § 2241 based on a condition of confinement unless a finding in his favor would result in a shorter sentence or earlier release. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). The disciplinary proceedings at issue here do not affect the length or fact of Parks's sentence. Insofar as he alleges that the disciplinary history could affect his chances for parole, the possibility of a delay in parole is not sufficient to bring a claim within the ambit of § 2241. Id. Parks's claims were not properly brought in a habeas petition under § 2241, and the District Court correctly dismissed his petition for lack of subject matter jurisdiction.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court.

3