**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3700
_____

DERRICK LAKEITH BROWN,
Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-14-cv-01413)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2015

Before: AMBRO, GREENAWAY, JR., and SLOVITER, Circuit Judges

(Filed: December 11, 2015)
_____

OPINION*
_____

PER CURIAM

　　Derrick Brown, a federal inmate, appeals an order of the United States District

Court for the Middle District of Pennsylvania dismissing without prejudice his petition

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, we will affirm.

In July 2014, Brown filed a § 2241 petition alleging that he has been subject to prolonged confinement in the Special Management Unit (SMU) at USP-Lewisburg.[1] In particular, he claimed that his placement in the SMU deprived him of the opportunity to obtain all possible good time credits and seek a lower custody classification. He also alleged that he should have been transferred to another facility rather than have his time in the SMU extended. Finally, he asserted that the prolonged SMU confinement aggravated his mental illness. As relief, Brown sought damages, transfer to another prison, medical and mental health evaluations, issuance of subpoenas, an evidentiary hearing, and an investigation of his claims.

The District Court held that Brown's claims were not cognizable within a habeas corpus proceeding because he challenged only the conditions of his confinement. According to the District Court, "there is no discernible contention by Brown that his SMU placement resulted in any actual loss of good time credits or otherwise extended the length of his confinement." Therefore, the District Court dismissed Brown's petition without prejudice to his right to reassert his claims in a properly filed civil rights complaint. Brown appealed.

---

[1] According to the Bureau of Prisons' Inmate Locator, Brown is currently incarcerated at at the U.S. Penitentiary ADMAX, in Florence, Colorado.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of Brown's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

We agree with the District Court that Brown's claims were not properly brought under § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging . . . the execution of his sentence." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). While we have noted that "the precise meaning of 'execution of the sentence' is hazy," we have made clear that a challenge under § 2241 must be to the manner in which the sentence is being "put into effect" or "carr[ied] out." Id. at 242-43; see also Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that, in order for a prisoner to challenge the execution of his sentence under § 2241, he must allege that the "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment"). Brown's allegations of prolonged placement in the SMU and the resulting consequences, including the possible loss of good time credits, concern the conditions of his confinement, not the manner in which his sentence is being carried out. See id.; Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [and not habeas corpus] is appropriate."). Therefore, the District Court properly determined that Brown's claims are not cognizable under § 2241, and properly dismissed the petition.

3

For these reasons, we will affirm the District Court's order.