**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1704
_____

UNITED STATES OF AMERICA

v.

DARRYL LAMONT FRANKLIN,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-99-cr-00238-001)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2016
Before:  FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed January 22, 2016)
_____

OPINION*
_____

PER CURIAM

      Darryl Franklin appeals the District Court's denial of his petition for a writ of

mandamus.  We will affirm.

-------------------------------------

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 1999, a federal jury in the Eastern District of Pennsylvania found Franklin guilty of a Hobbs Act robbery and related firearms offenses. He received a sentence of 205 months in prison, followed by a three-year term of supervised release. We affirmed Franklin's conviction on direct appeal, United States v. Franklin, 248 F.3d 1131 (3d Cir. 2000) (table), and, subsequently denied his request for a certificate of appealability after the District Court's denial of his 28 U.S.C. § 2255 motion.

In February 2015, Franklin filed a mandamus petition in the District Court. In the petition, he alleged that he was unlawfully being supervised as a convicted sex offender. Franklin based this claim on the fact that he was being supervised by a probation officer who supervises both sex offenders and non-sex offenders and an exchange with the U.S. Probation Office about his Presentence Investigation Report (PSR).[1] The PSR apparently contained information stating that Franklin had committed a rape during a 1982 burglary.

The District Court denied the mandamus petition, noting that Franklin did not object to the above-referenced portion of the PSR and, in any event, that mandamus was not the appropriate remedy. Franklin appealed.[2] We directed the parties to address whether Franklin was in fact being supervised as a sex offender and, if so, whether mandamus relief was the appropriate remedy. The Government responded, informing the

---

[1] The probation officer's business card apparently reflects that he works in the Sex Offender Division of U.S. Probation Office.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of a mandamus petition for an abuse of discretion, but our review of whether the requirements for mandamus have been satisfied as a matter of law is plenary. Arnold v. Blast Intermediate Unit 17, 843 F.2d 122, 125 (3d Cir. 1988).

Court that Franklin is not being supervised as a sex offender. Franklin, who has not replied to Government's contention, filed an informal brief restating his previous claims.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

The appropriate means of challenging the execution of a sentence in federal court is a habeas petition under 28 U.S.C. § 2241. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). Accordingly, we will affirm the order of the District Court.