BLD-288                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1062
_____

STEVEN A. JOHNSON,
                              Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-16-cv-02317)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 22, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: August 4, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven Johnson, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus pursuant 28 U.S.C. § 2241. We will affirm the judgment of the District Court.

Johnson, a federal prisoner confined in the United States Penitentiary in Lewisburg, Pennsylvania, alleged in his petition that he was scheduled to proceed to Level 3 of the Special Management Unit program, that he completed the requirements to advance, but that he was not advanced to this level. As relief, he sought advancement to Level 3 or transfer to another prison to complete Level 3 and Level 4 in accordance with the SMU program statement.

The District Court ruled that Johnson's claim should be raised in a civil rights action, not under § 2241, and dismissed his habeas petition without prejudice to any right he may have to reassert his claim in such an action. This appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012).

Johnson was transferred to another institution after the District Court issued its decision. To the extent Johnson's petition challenges his lack of advancement in the SMU program at the Lewisburg facility, his appeal is moot. To the extent Johnson's petition involves ongoing problems with his program level in the SMU, we agree with the District Court that his claim is not cognizable under § 2241. Johnson's claim does not

---

[1]The District Court denied Johnson's subsequent motion for reconsideration. That order is not before us.

concern the execution of his sentence, as directed in his sentencing judgment, nor does he contend that success on his claim would necessarily result in a change to the duration of his sentence.  See Cardona, 681 F.3d at 537 (affirming dismissal of § 2241 petition claiming improper referral to SMU).

Because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.