BLD-287                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4253
_____

STEVEN A. JOHNSON,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-16-cv-02168)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 22, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 4, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Steven Johnson, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus pursuant 28 U.S.C. § 2241. We will affirm the judgment of the District Court.

Johnson, a federal prisoner, alleged in his habeas petition that he was transferred to the Special Management Unit at the United States Penitentiary in Lewisburg, Pennsylvania, but that his custody level classification does not match the custody level of this prison. He stated that he was given a medium custody classification, which is "below USP custody and well below that of a SMU." Petition at 8. He also alleged that he was transferred in retaliation for filing a motion in federal court against his former institution. As relief, he sought a "correct custody classification" and a transfer to a prison that matches his custody level. Petition at 9.

The District Court ruled that Johnson's claim is not cognizable under § 2241 and dismissed his petition. This appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012).

Johnson was transferred to another institution after the District Court issued its decision. To the extent he seeks relief related to his confinement in the SMU at the United States Penitentiary in Lewisburg, his appeal is moot. To the extent Johnson seeks

---

[1]The District Court denied Johnson's subsequent motion for reconsideration. That order is not before us.

2

relief related to his current custody classification, we agree with the District Court that his claim is not cognizable under § 2241. Johnson's claim does not concern the execution of his sentence, as directed in his sentencing judgment, nor does he contend that success on his claim would necessarily result in a change to the duration of his sentence. See Cardona, 681 F.3d at 537 (affirming dismissal of § 2241 petition claiming improper referral to SMU).

Johnson argues in support of his appeal that his claim regarding his placement in the SMU is cognizable under Jones v. Zenk, 495 F. Supp. 2d 1289 (N.D. Ga. 2007), where the district court ruled that a challenge to a Federal Bureau of Prisons regulation limiting the placement of inmates in home confinement could be brought under § 2241. Jones noted our decision in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), which allowed a similar challenge. Cardona, however, explained that the claim in Woodall concerned the execution of the prisoner's sentence and was cognizable under § 2241 because the challenged conduct conflicted with statements in the prisoner's sentencing judgment. Cardona, 681 F.3d at 536-37. That is not the case here.

Because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.