ALD-365                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2141
_____

ERIC PERDOMO,
                            Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 3-16-cv-00093)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 28, 2017

Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: November 9, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Eric Perdomo, a federal inmate, filed a petition for a writ of habeas corpus under

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

28 U.S.C. § 2241 seeking to challenge the Bureau of Prison's ("BOP") determination that a Greater Security Management Variable should be applied to his custody classification. Because this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 2013, Perdomo pleaded guilty to one count of conspiracy to distribute and to possess with the intent to deliver 500 grams or more of cocaine. He was sentenced to 80 months of incarceration, which was later reduced pursuant to 18 U.S.C. § 3582(c)(2) to 65 months of incarceration. In 2014, Perdomo was incarcerated at Satellite Prison Camp Gilmer in Glenville, West Virginia, a minimum security facility. After it was determined that Perdomo had extorted another inmate, a Greater Security Management Variable was applied to Perdomo's custody classification.[1] Thereafter, Perdomo was transferred to Federal Correctional Institution at Loretto, Pennsylvania, a low security facility. Perdomo filed administrative grievances arguing that his custody classification violated BOP policies, but he did not obtain relief.

Perdomo then filed a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania. After receiving a response, Magistrate Judge Cynthia Reed Eddy recommended Perdomo's petition be dismissed for lack of jurisdiction. The District Court overruled Perdomo's objections and dismissed the petition. Perdomo appeals.

---

[1] When the BOP concludes that an inmate represents a greater security risk than his normal security level would suggest, he is assigned a Greater Security Management Variable. See BOP Program Statement 5100.08.

A certificate of appealability is not required to appeal the dismissal of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We thus have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss Perdomo's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Perdomo's challenge to his custody classification is not cognizable in a § 2241 petition because he does not challenge the fact or duration of his imprisonment, which is the "essence of habeas corpus." See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Nor does he challenge the execution of his sentence within the exception provided for in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). In Woodall, we held that a prisoner could bring a § 2241 petition challenging a BOP regulation that limited placement in a Community Corrections Center because the BOP was not "carrying out" Woodall's sentence as directed. Specifically, we determined that Woodall's claims "crossed[ed] the line beyond a challenge to, for example, a garden variety prison transfer." Id. at 243. "[T]o challenge the execution of his sentence under § 2241, [an inmate] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). Here, Perdomo does not allege that his custody classification or his resulting transfer conflict with his sentence. Indeed, Perdomo does not argue the sentencing court expressed any view about the appropriate security designation for him. Instead, Perdomo's claims are much more akin to challenges to the "garden variety" custody levels that Woodall indicated were excluded from the scope of

3

§ 2241. Thus, the District Court correctly dismissed Perdomo's § 2241 petition.

In his objections to the Magistrate Judge's report and recommendation, Perdomo conceded that his challenge to his custody classification was not cognizable under § 2241. Perdomo argued that the District Court should construe his petition as an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) or as an action for declaratory relief. Given the significant differences between the rules and fees applicable to a prisoner's general civil litigation case and a request for habeas relief, we cannot conclude that the District Court abused its discretion in denying Perdomo's request to have his § 2241 petition re-characterized as a Bivens action.

Accordingly, we will summarily affirm the judgment of the District Court.