BLD-164                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3779
_____

EDWIN PATILLO,
                                        Appellant,

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 4-18-cv-01388)
District Judge: Matthew W. Brann

_____

Submitted for Possible Summary Action Pursuant to Third
Circuit LAR 27.4 and I.O.P. 10.6 and on a Motion for a
Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
April 18, 2019

Before:  AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 6, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Edwin Patillo appeals from an order of the District Court denying his petition for writ of habeas corpus, 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

On May 17, 2006, Patillo was arrested by federal authorities and taken into federal custody where he remained. On several occasions in 2006, 2007, and 2008, however, Patillo was produced via state writ of habeas corpus *ad prosequendum* to face criminal charges in New Jersey state court. On July 14, 2008, Patillo, while present on one such writ, was sentenced in the New Jersey Superior Court to a term of imprisonment of 15 years, following convictions for the use of personal identifying information of another, in violation of N.J. Stat. Ann. § 2C:21-17.2a; tampering with a public record, in violation of N.J. Stat. Ann. § 2C:28-7a(1); and one other charge. Consistent with state law, the state court deferred to the federal court on the issue of concurrent/consecutive sentences; the Judgment of Conviction noted that whether the state sentence is "concurrent or consecutive will be decided by the federal court." See N.J. Stat. Ann. § 2C:44-5d (providing that multiple terms of imprisonment "shall run concurrently or consecutively as the court determines *when the second or subsequent sentence is imposed*) (emphasis added).

About one month later, on August 14, 2008, Patillo was sentenced in the United States District Court for the District of New Jersey to a term of imprisonment of 360 months, following convictions for conspiracy to distribute and possess with intent to

distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute 5 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  The federal sentencing court directed that the federal sentence run consecutively to any other sentence that Patillo was presently serving "or that was previously imposed in any Court."[1]

On August 13, 2018, the Bureau of Prisons calculated Patillo's federal sentence and determined that service of that federal sentence commenced on August 14, 2008, the date Patillo was sentenced in the District of New Jersey; and that, with good conduct time, his projected statutory release date from federal custody would be February 2, 2028. The BOP sentencing report also noted, however, that the New Jersey Department of Corrections has lodged a detainer against Patillo, in connection with the 15-year sentence imposed in state court on July 14, 2008.

On July 13, 2018, after exhausting his administrative remedies, Patillo filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, the district where he is confined.  Patillo challenged the execution of his sentence, contending that his federal constitutional due process rights were violated when his federal sentence was imposed to run consecutively

---

[1] Patillo's federal sentence later was reduced to 292 months.

to his state sentence. Based on the order of his sentences – that is, because his state sentence was imposed earlier in time -- he asked the District Court to transfer his custody to New Jersey and to direct that his federal and state sentences be served concurrently. After briefing, the District Court, in an order entered on November 30, 2018, denied the habeas corpus petition.

Patillo appeals. We have jurisdiction under 28 U.S.C. § 1291.[2] Our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. LAR 27.4 and I.O.P. 10.6. Patillo has submitted a motion for a certificate of appealability, which we will construe as his summary action response.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. A federal prisoner may resort to a § 2241 petition to challenge the execution of his sentence, see Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citing Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)).

The sovereign that first arrests an individual has primary custody over the individual until custody is relinquished, ordinarily by bail, parole, expiration of the individual's sentence, or dismissal of the charges. See Weekes v. Fleming, 301 F.3d 1175, 1180 (10th Cir. 2002) (citing Ponzi v. Fessenden, 258 U.S. 254, 260 (1922)). The primary custodian's claim over the individual has priority over all other sovereigns that

_____

[2] A certificate of appealability is not required to appeal from the denial of a § 2241

subsequently arrest him.  Id.  Moreover, the sovereign with primary custody is entitled to have the defendant serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction.  Id.

In Patillo's case, the order in which the sentences were imposed is not relevant.  Although the state sentence was imposed first, federal authorities had primary custody over him.  First, *ad prosequendum* writs do not constitute a transfer of custody.  See Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002).  The second sovereign – in this case, the State of New Jersey – was therefore merely "borrowing" Patillo from the United States for the purpose of trying and sentencing him on state charges.  Id.  Second, although Patillo was first arrested by New Jersey authorities (on charges unrelated to his 15-year sentence) on September 11, 2005, he was released on bail on September 21, 2005.  Accordingly, he was not in state custody when he was arrested by federal authorities on May 17, 2006.

Primary jurisdiction will remain with federal authorities until federal authorities relinquish custody of Patillo.  As explained by the District Court, a federal sentence generally does not commence until the Attorney General of the United States receives a defendant into custody for service of his sentence.  18 U.S.C. § 3585(a).  Accordingly, the BOP acted properly in determining that service of Patillo's federal sentence commenced on August 14, 2008, the date he was sentenced in the District of New Jersey.

petition.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

Moreover, the federal sentencing court expressly stated that Patillo's federal sentence was to run consecutively to any other sentence previously imposed. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently."). Accordingly, the District Court properly denied habeas corpus relief.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Patillo's § 2241 petition.