DLD-055                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3518
_____

IN RE:  STEPHEN P. WALLACE,
                                                                                  Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 19-cv-14189)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 26, 2019
Before:  RESTREPO, PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 16, 2019)
_____

OPINION[*]
_____

PER CURIAM

 Stephen P. Wallace has filed a document entitled "Extraordinary writs of

mand[a]mus/prohibition for en banc panel to assume original jurisdiction, to 'reverse &

render' that case be relocated to Eastern District of Pennsylvania for investigation by [ED

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PA] US Attorney, William L. McSwain & [IRS-CID], for good cause shown." He has also filed a "Second Emergency Motion." We will deny both.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A writ should not issue unless the petitioner has "no other adequate means to attain the relief" sought and he has shown that his right to the writ is "clear and indisputable." Id. at 378-79 (quoting Cheney v. United States, 542 U.S. 367, 380-81 (2004)). Further, a mandamus action is not a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

While the aim of Wallace's petition is not entirely clear, he does not have a "clear and indisputable right" to have us assume jurisdiction and reassign his case to another federal district court for some type of investigation. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (explaining that federal courts are courts of limited jurisdiction). If he is unhappy with any of the District Court's rulings, he can take an appeal at the appropriate time. To the extent he is claiming that the District Court has unduly delayed in ruling on his motions for a stay, we decline to grant relief. While mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, the motions that Wallace has appended to his mandamus petition have only been pending for a short time.

2

For the foregoing reasons, the petition for a writ of mandamus and second emergency motion are denied.[1]

---

[1] To the extent Wallace's response to the Clerk's noncompliance order, dated November 7, seeks summary judgment or other relief, the motion is denied.