CLD-149                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1405
_____

MANETIRONY CLERVRAIN,
Appellant

v.

TACI BARRERA; UNITED STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 1-20-cv-02404 )
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2021
Before: RESTREPO, MATEY and SCIRICA, Circuit Judges

(Opinion filed: April 29, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Manetirony Clervrain, proceeding pro se, filed this appeal after the United States District Court for the Middle District of Pennsylvania issued orders dismissing his habeas petition, denying his motion to reinstate his case, and denying other motions for relief. Because this appeal does not raise a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Clervrain filed a document in the District Court titled a "Motion for Consideration and Compelling Imposition Financial Burden by Invoking the Ant(S) Movement Act ("TAMA")." The filing is difficult to understand. Clervrain refers to various statutes and other court actions he has filed. He appears to allege that he was illegally detained and mistreated in detention. As relief, he asked the District Court for "the terminating of his removal procedure while establishing evidence or litigating his cases for the vacatur of his conviction . . . ." Motion at 7.

The District Court construed the filing as a habeas petition pursuant to 28 U.S.C. § 2241 and dismissed the petition without prejudice for lack of jurisdiction. It explained that judicial review of a removal order requires the filing of a petition for review in a court of appeals. The District Court also noted that Clervrain was confined at a detention center in Oklahoma when he filed his petition, and stated that, even if his petition were properly filed in the district court, it must be brought in the district where he was confined. See 2/11/21 Dist. Ct. Order.[1]

---

[1] It appears that Clervrain was released from custody sometime after he filed his motion.

Clervrain then filed a form civil rights complaint, which is similarly difficult to understand. The District Court construed the filing as a motion to reconsider the dismissal of his habeas petition and to reinstate his case as a civil rights action. It denied reconsideration because Clervrain did not meet the applicable standard, but disagreed with the dismissal and tried to convert his petition to a civil rights action. See 2/18/21 Dist. Ct. Order.

Clervrain continued to file motions in the District Court. The District Court denied relief, noting that it had dismissed his action and had denied his motion to reopen his case. See 2/22/21 Dist. Ct. Order. In a subsequent order, the District Court noted that, if Clervrain wished to appeal an order of the Court, he should file a notice of appeal. See 2/25/21 Dist. Ct. Order. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal of Clervrain's action for lack of jurisdiction de novo. Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). We review a denial of a motion for reconsideration for abuse of discretion, but we review underlying legal determinations de novo and factual determinations for clear error. Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

The District Court did not err in dismissing Clervrain's initial filing for lack of jurisdiction. As discussed above, the filing appears to seek the termination of his removal proceedings. The status of those proceedings is not clear, but judicial review is available through a petition for review filed in the appropriate court of appeals once a final order of

3

removal is issued.  <u>Nasrallah v. Barr</u>, 140 S. Ct. 1683, 1689-90 (2020).  The District Court properly recognized that any challenge to Clervrain's detention had to be brought in the district where he was confined.  <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 442 (2004).  We also find no error in the District Court's denial of Clervrain's post-dismissal attempt to file a civil rights complaint or in its denial of his other motions.  Neither the complaint nor the motions are understandable.

     Accordingly, we will summarily affirm the judgment of the District Court.[2]

---

[2] Clervrain's outstanding motions are denied.