**BLD-139 & BLD-140**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-3113 & 15-3114
_____

JAMES L. ROUDABUSH, JR.,

v.

WARDEN FORT DIX FCI

(D.C. Civ. No. 1-15-cv-05906)

JAMES L. ROUDABUSH, JR.,

v.

WARDEN FORT DIX FCI; A. W. WASOM; C/O  GOBOAVICH; OIC  STALLINGS;
LT.  FERNANDEZ; CASE MANAGER  WRIGHT; JOHN/JANE DOE MEDICAL
PERSONNEL; LT.  BITENER; CAPT. REYES; CASE MANAGER  OLSEN,
(Acting Unit Manager); ASST. WARDEN C. DYNAN

(D.C. Civ. No. 1-15-cv-05944)

JAMES L. ROUDABUSH, JR.,
                                                Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. Nos. 1-15-cv-05906 & 1-15-cv-05944)
District Judge:  Honorable Renée M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 11, 2016
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

_____

OPINION[*]

_____

PER CURIAM

James J. Roudabush, Jr., is a federal prisoner who was formerly confined at Fort Dix FCI.  He has filed over 90 civil actions and 30 appeals over the years, and he has "three strikes" under the Prison Litigation Reform Act ("PLRA").  See 28 U.S.C. § 1915(g).  While incarcerated at Fort Dix, he filed an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that prison officials confined him in the Special Housing Unit and denied him medical care on account of his age and sexual orientation and in retaliation for his filing of grievances and lawsuits.  (D.N.J. Civ. No. 1-15-cv-03185.)  That action remains pending, and the District Court is considering whether to allow Roudabush to proceed in forma pauperis under the "imminent danger" exception to the three-strike provision of the PLRA.

In addition to filing that Bivens action (and others), Roudabush filed the habeas petitions at issue here.  Roudabush raised essentially the same claims in his habeas petitions as he raised in his Bivens action and requested "release from the Bureau of Prisons."  The District Court dismissed both petitions after concluding that it lacked habeas jurisdiction over Roudabush's claims regarding the conditions of his confinement

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and that he should assert whatever non-duplicative claims he may have in that regard in another Bivens action. See, e.g., Cardona v. Bledsoe, 681 F.3d 533, 537-38 (3d Cir. 2012) (affirming dismissal of habeas claims premised on confinement in the Special Management Unit). Roudabush appeals.

We will dismiss these appeals as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because there is no arguable basis to challenge the District Court's rulings. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The District Court properly explained why Roudabush cannot proceed with his claims by means of a habeas petition and must seek relief in a civil action under Bivens instead. Roudabush's claims cannot be construed as challenges to the execution of his sentence under § 2241 because he does not allege that his alleged treatment is inconsistent with any provision of his criminal judgment, see Cardona, 681 F.3d at 537, and his allegations do not state a basis for release from prison. Roudabush argues on appeal that he can proceed simultaneously in habeas and under Bivens because the general habeas statute mentions "conditions of confinement." 28 U.S.C. § 2241(e)(2). That provision of the habeas statute applies by its terms only to aliens, and it specifies the kinds of challenges that aliens may not bring in habeas. Permitting Roudabush to proceed with his claims in a habeas petition also would constitute an impermissible circumvention of the three-strike provision of the PLRA.

For these reasons, we will dismiss these appeals as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We further note that Roudabush has since been transferred to a

3

different facility, so his petitions appear to be moot to the extent that they can be read to seek "release" from any particular condition of confinement at Fort Dix.