BLD-382                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3046
_____

STEVEN A. JOHNSON,
                                    Appellant

v.

WARDEN LEWISBURG USP; ATTORNEY GENERAL
OF THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1:16-cv-00305)
District Judge:  Hon. John E. Jones III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2016

Before: KRAUSE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 12, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven A. Johnson appeals from an order of the District Court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We will affirm.

I.

Johnson is a federal inmate currently incarcerated at USP-Lewisburg in Pennsylvania. In February 2016, Johnson filed a habeas petition purporting to raise three claims: (1) "Refused BP-8 and BP-9"; (2) "refused legal call"; and (3) "refused grooming product (razor)." ECF 1, pp. 6-7.[1] He requested injunctive relief, and for the District Court to "uphold [the] rights and policy of [the] inmate handbook." ECF 1, p. 8. The requested injunction was described by Johnson in a separate motion attached to his habeas petition. See ECF 1, p. 14 (seeking transfer "to a prison willing [to] honor First Amendment rights of accessing courts and policies of the inmate handbook").

The District Court screened Johnson's petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, see 28 U.S.C. foll. § 2254 (1977), made applicable to § 2241 petitions by Rule 1(b). Bowers v. U.S. Parole Comm'n, Warden, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014). The District Court summarily dismissed Johnson's petition—and, by necessary implication, the motion for injunctive relief—because his claims did not challenge "either the fact or duration of his confinement." ECF 5, p. 2. The District Court reasoned that habeas corpus is not an

---

[1] The first claim appears to implicate the grievance policy maintained by the U.S. Bureau of Prisons. In an addendum to his petition, Johnson vaguely explained that he was "denied a BP-8/BP-9"—presumably a reference to the forms for filing a grievance and an administrative appeal—in order to address his phone and razor issues. See ECF 1, p. 10.

appropriate vehicle for an inmate seeking to impose liability for constitutional violations related to conditions of confinement. The District Court dismissed Johnson's petition "without prejudice to any right [he] may have to reassert his present claims in a properly filed civil rights complaint." ECF 5, p. 2; see also ECF 6. Johnson appealed.

## II.

As noted above, the District Court dismissed Johnson's habeas petition without prejudice to his re-raising the claims in a separate civil rights action. Generally, an order dismissing an action without prejudice is not immediately appealable. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). Here, however, the District Court's use of the term "without prejudice" was simply meant to convey to Johnson that, although his claims were not cognizable under § 2241, he could assert his claims anew in a Bivens-style[2] action. A new lawsuit would be required (if desired) because the non-cognizability of Johnson's claims under § 2241 constituted a defect that could not be remedied by amendment. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). The District Court's order of dismissal thus terminated the litigation and was immediately appealable. See id.

Consequently, we exercise appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per

---

[2] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

3

curiam).  We may summarily affirm if there is no substantial question presented by the appeal.  See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

III.

Because Johnson's habeas petition challenged only conditions of his confinement, the District Court properly dismissed the action below.  Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), we explained that, in order for a prisoner to challenge the "execution" of his sentence under § 2241, he must allege that the "[Federal Bureau of Prisons'] conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."  Id. at 537; see also Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  The claims raised in Johnson's § 2241 petition are unrelated to his sentence and are thus non-cognizable under Cardona. Therefore, the District Court did not err in dismissing the case.[3]

---

[3]  Johnson's reliance on Preiser v. Rodriguez, 411 U.S. 475 (1973), to avoid this result is unavailing.  In Preiser, the Supreme Court commented in passing that "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. Id. at 499; see also Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979) (leaving "to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement.").  The Supreme Court, though, has "never followed [that] speculation in [Preiser]."  Muhammad v. Close, 540 U.S. 749, 751 n.1 (2004) (per curiam).  Instead, it has identified only two claim varieties that may be pursued with a habeas petition: "[c]hallenges to the validity of any confinement or to particulars affecting its duration."  Id. at 750.  But even assuming, contra Muhammad and Cardona,

4

IV.

For the foregoing reasons, the District Court's order of dismissal will be summarily affirmed.

---

that a habeas petition can in certain cases be used to challenge conditions of confinement unrelated to an inmate's conviction or sentence, we are skeptical that deprivation of a shaving razor and a phone call amounts to the "additional and unconstitutional restraints" hypothesized by the Supreme Court in Preiser.