**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1538
_____

JAMES MABRY,
                              Appellant

v.

WARDEN ALLENWOOD FCI LOW
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:17-cv-02358)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2018
Before:  GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: January 11, 2019)
_____

OPINION[*]
_____


PER CURIAM

       Pro se Appellant James Mabry appeals from the District Court's order dismissing

his petition for a writ of habeas corpus.  For the reasons detailed below, we will affirm.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

In the District Court, Mabry, a federal inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking to challenge the Bureau of Prison's ("BOP") determination regarding his custody classification. In 2004, Mabry faced a six-count superseding indictment for drug and firearm offenses. He eventually entered into a plea agreement with the Government, agreeing to plead guilty to one count of the superseding indictment (possession with intent to distribute more than five grams of cocaine base) in exchange for the Government's dismissal of the remaining counts. The District Court accepted Mabry's guilty plea and sentenced him to 17 years and six months in prison.

In his § 2241 petition, Mabry argued that his custody classification should be based on a number of factors (e.g., the conviction to which he pleaded guilty; changes in drug laws), and the charges that were dismissed should not be a consideration. Mabry requested that his custody classification be changed from a moderate level classification to a low-moderate level classification. The District Court screened Mabry's petition pursuant to Rule 4 of the Rules Governing Habeas Cases, and determined that his custody classification challenge was not cognizable in a federal habeas petition. Consequently, the District Court summarily dismissed Mabry's petition without prejudice to his right to bring his claims in a civil rights action. Mabry appeals.

## II.

A certificate of appealability is not required for a federal prisoner to appeal the dismissal of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir.

2

2009).  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).[1]  Our review of the

District Court's decision to dismiss Mabry's § 2241 petition is plenary.  See Cradle v.

U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

III.

We agree with the District Court that Mabry's challenge to his custody

classification is not cognizable in a § 2241 petition.  In determining whether jurisdiction

lies in habeas, we look to whether granting the petition would "necessarily imply" a

change to the fact, duration, or execution of the petitioner's sentence.  McGee v.

Martinez, 627 F.3d 933, 936 (3d Cir. 2010).  Mabry's custodial classification is not

related to the fact or duration of his sentence.

Mabry's challenge also is unrelated to the execution of his sentence.  He does not

allege that his custody classification is in any way inconsistent with his sentencing

judgment.  See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).  Nor does Mabry

challenge the execution of his sentence within the narrow jurisdictional ambit described

in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  In Woodall,

we held that a prisoner could bring a § 2241 petition challenging a BOP regulation that

limited placement in a Community Corrections Center.  We noted that "[c]arrying out a

---

[1] Even though the District Court dismissed Mabry's petition without prejudice, we have jurisdiction over this appeal because Mabry cannot amend his § 2241 petition to correct the identified deficiency; he would have to pursue his claims through a different cause of action – a civil rights action.  Cf. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) ("Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.").

3

sentence through detention in [such a facility was] very different than carrying out a sentence in an ordinary penal institution." Id. at 243. Specifically, we determined that Woodall sought something well "more than a simple transfer," observing that his claims "crossed[ed] the line beyond a challenge to, for example, a garden variety prison transfer." Id.

Here, Mabry's claims are much more akin to the "garden variety" challenges to custody that Woodall indicated were excluded from the scope of § 2241. Relatedly, we note, prisoners have no constitutional right to a particular classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Thus, the District Court correctly dismissed Mabry's § 2241 petition without prejudice to the filing of a Bivens[2] action. Cf. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.").

Accordingly, for the reasons given, we will affirm the judgment of the District Court.

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).