**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3008
_____

JEROME REID,
                                         Appellant

v.

EXELON CORP; PSEG SERVICES CORPORATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 17-cv-04043)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 26, 2019
Before:  SHWARTZ, RESTREPO and RENDELL, Circuit Judges

(Opinion filed November 29, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jerome Reid appeals the District Court's dismissal of his complaint against the Exelon Generation Company and PSEG Nuclear LLC. We will dismiss the appeal for lack of jurisdiction.

Reid initially filed his complaint in June 2017. Both defendants moved to dismiss, but then Reid was granted leave to amend his complaint. Reid's amended complaint against both defendants alleged employment discrimination in violation of Title VII, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act ("ADEA"). Additionally, his amended complaint included a state common-law claim for negligent infliction of emotional distress. PSEG answered the complaint; Exelon filed another motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In an order entered May 31, 2018, the District Court granted defendant Exelon's motion to dismiss and dismissed Reid's amended complaint without prejudice. Dkt. #47. The order provided that "he may file an amended complaint within 30 DAYS." Id. Reid did not file an additional amended complaint.[1] On August 9, 2018, the District Court, noting that Reid had not filed an amended complaint, ordered the Clerk to close the case. On September 10, 2018, Reid filed a notice of appeal.

This Court has "an independent duty to satisfy [itself] of [its] appellate jurisdiction regardless of the parties' positions." Bedrosian v. United States of Am., Dep't of the Treasury, Internal Revenue Serv., 912 F.3d 144, 149 (3d Cir. 2018). "Federal courts are

---

[1] Earlier in the proceedings, Reid had submitted a second amended complaint, Dkt. #36, but the District Court ordered it to be stricken, as Reid had not sought leave to amend, Dkt. #41.

2

courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Our jurisdiction under 28 U.S.C. § 1291 is limited to review of final orders of the District Court. Unless a District Court has certified an order under Rule 54(b) of the Federal Rules of Civil Procedures, an order that "terminates fewer than all claims pending in an action or claims against fewer than all the parties to an action" generally is not final. See Elliott v. Archdiocese of New York, 682 F.3d 213, 219 (3d Cir. 2012). Here, the District Court's May 31, 2018 order and opinion did not address Reid's claims against PSEG. See Dkt. #46, Dist. Ct. Op. at 1 ("We only address those portions [of the complaint] that are relevant to Exelon's motion to dismiss.").

The Court's August 9, 2018 order did not cure the lack of finality, as it did not address Reid's claims against PSEG, either. Although the District Court ordered the Clerk to close the case, an order closing a case for lack of activity does not render a judgment final where "[t]he court never mentioned a dismissal—either with or without prejudice." See Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 247 (3d Cir. 2013); see also Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 481–82 (3d Cir. 2006) (noting that "a district court does not render a matter final for purposes of appeal merely by marking the docket in the case with the notation 'Case closed.'").

Appellees both construe the District Court's August 9, 2018 order as one dismissing Reid's complaint as a penalty, for failure to prosecute. We find that a strained reading of the order, as the order does not give any indication that the dismissal is a sanction. See

3

Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-68 (3d Cir. 1984) (noting

that dismissal with prejudice is a "drastic sanction[]" and that a District Court should

analyze six factors before dismissing a complaint on that basis).[2]

For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction.

---

[2] Dismissal as a sanction may not have been proper here, as Reid may have been waiting
for the District Court to address his claims against PSEG.