**\*AMENDED DLD-172**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3585
_____

GREGORY MAC DONALD BERRY,
Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 18-cv-16217)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2020

Before: RESTREPO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: May 22, 2020)
_____

OPINION[*]
_____

PER CURIAM

Gregory Berry, a federal prisoner proceeding pro se, appeals an order of the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

United States District Court for the District of New Jersey dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will affirm the judgment of the District Court.

Berry was convicted after a jury trial in the United States District Court for the Central District of California of child pornography charges. He received a sentence of 420 months in prison. The United States Court of Appeals for the Ninth Circuit affirmed, rejecting Berry's argument that the District Court erred in granting his request to represent himself. United States v. Berry, 554 F. App'x. 574, 574-75 (9th Cir. 2014).

Berry filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 raising, among other things, a claim that the District Court *denied* his right to self-representation by failing to afford him a hearing and to allow him to represent himself earlier. The District Court ruled that Berry had procedurally defaulted this claim because he did not raise it on direct appeal and denied his remaining claims. The Ninth Circuit Court of Appeals denied Berry's request for a certificate of appealability. The District Court also denied Berry's subsequent motion pursuant to Federal Rule of Civil Procedure 60(b) in which he disputed its ruling on his self-representation claim, and the Court of Appeals denied his request for a certificate of appealability. See United States v. Berry, C.D. Cal. Crim. No. 2:09-cr-00831 and C.D. Cal. Civ. No. 2:15-cv-03523.

Berry then filed a habeas petition in the District Court in New Jersey pursuant to § 2241. In his amended petition, he raised the same denial of self-representation claim that he brought in his § 2255 motion. He relied on the documents that he filed and the arguments that he made in his § 2255 proceedings.

2

The District Court granted Respondent's motion to dismiss the habeas petition for lack of jurisdiction. It explained that challenges to the legality of confinement should be brought pursuant to § 2255, that Berry's claim did not satisfy the exception that allows such a claim to be brought under § 2241 where a § 2255 motion is "inadequate or ineffective," and that Berry sought to relitigate his earlier claim. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusion that it lacked jurisdiction. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences" on constitutional grounds. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. See also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (§ 2255 is inadequate or ineffective in the unusual case where a prisoner had no earlier opportunity to challenge his conviction for a crime that an intervening change in law may negate).

Berry asserted in his § 2241 petition that § 2255 is inadequate or ineffective because the sentencing court denied his claim and reversal of his conviction was required. Section 2255, however, is not inadequate or ineffective because a sentencing court does

3

not grant relief.  Cradle, 290 F.3d at 539.  Relying on Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), Berry also argued below that he is challenging the execution of his sentence and that such a challenge is permitted under § 2241.  Federal prisoners may challenge the execution of their sentences pursuant to § 2241, but such a challenge concerns how the Bureau of Prisons is carrying out a sentencing judgment.  Cardona, 681 F.3d at 536-37.  To the extent Berry asserts a due process violation because his claim falls within the plain language of § 2241, § 2255 provides that a § 2241 petition attacking a conviction or sentence cannot be entertained unless a § 2255 motion would be inadequate or ineffective.  Cradle, 290 F.3d at 538.  See also Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017) (explaining that § 2255 replaced traditional habeas relief under § 2241 for federal prisoners).

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.[1]  Berry's motion for appointment of counsel is denied.  To the extent Berry contends that counsel may be able to establish that he is eligible to challenge his conviction under § 2241 in light of COVID-19, counsel is not warranted as Berry already raised his claim under § 2255 and the sentencing court denied relief.

---

[1] When deciding not to transfer Berry's petition to the sentencing court, the District Court observed that he could file a second § 2255 motion in that court.  We note that Berry must satisfy the requirements of 28 U.S.C. §§ 2244 and 2255(h) before he can do so.