**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1042
_____

JOSEPH HALL,
Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:19-cv-00225)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on July 1, 2021

Before: McKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: September 10, 2021)

_____

PER CURIAM

Appellant Joseph Hall appeals from the District Court's dismissal of his habeas petition, filed under 28 U.S.C. § 2241, for lack of jurisdiction. We will affirm.

Hall is a federal prisoner. While incarcerated at the United States Penitentiary (USP)-Victorville in California, Hall received a prison incident report charging him with two violations: Code 111A (Attempted Introduction of Narcotics) and Code 197 (Criminal Abuse of Telephone). He appeared at a hearing before the Discipline Hearing Officer ("DHO"). After considering the evidence, the DHO found that Hall committed the prohibited acts. For the Code 111A violation, the DHO imposed disciplinary segregation for 14 days and loss of commissary privileges for two months. For the Code 197 violation, the DHO imposed loss of telephone privileges for six months. On administrative appeal, the Regional Director granted partial relief by expunging the Code 197 violation but also affirmed the Code 111A finding of guilt. The Administrator for National Inmate Appeals denied Hall's appeal, noting that the Code 197 charge would be removed from Hall's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

disciplinary record, and upholding the finding of guilt and the sanctions imposed for the Code 111A violation.

After being transferred to USP-Canaan in Waymart, Pennsylvania, Hall filed the § 2241 habeas petition at issue here. He asserted that the Code 111A violation could not stand without the expunged Code 197 violation, arguing that he could not have attempted to introduce narcotics without the use of the telephone for an illegal purpose. Hall thus claimed that the charging document failed to state an offense for the Code 111A charge. He also challenged the DHO's findings for vagueness and lack of evidence. Thus, Hall sought "correction" of the sanction imposed for the Code 111A violation.

The District Court granted Hall's motion for leave to proceed in forma pauperis and directed the respondent to file an answer to the § 2241 habeas petition. The Warden of USP-Canaan filed a response, arguing that the petition should be dismissed for lack of subject matter jurisdiction because it did not challenge either the fact or length of Hall's sentence or confinement. The District Court agreed and dismissed Hall's habeas petition.

Hall appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our Clerk advised Hall that the appeal was subject to summary action under Third Cir. L.A.R. 27.4 and I.O.P. 10.6. Hall was invited to submit argument in support of the appeal; he has not done so, despite having received two extensions of time for filing.

We will summarily affirm the District Court's order dismissing Hall's habeas petition because no substantial question is presented by this appeal. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Section 2241 is the appropriate vehicle for constitutional claims when a prison disciplinary proceeding results in the loss of good conduct time, because the action

3

could affect the duration of the prisoner's sentence. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam). However, as explained by the District Court, Hall did not allege that he lost any good conduct time, and the record shows that the DHO did not impose any loss of good conduct time for the Code 111A violation. Instead, the disciplinary proceedings here resulted only in temporary disciplinary segregation and temporary loss of commissary privileges. Despite his assertion that his § 2241 habeas petition concerned the "execution of his sentence," Hall did not allege that these disciplinary sanctions are at odds with the terms of his sentence. Thus, Hall's petition does not concern how his judgment of sentence is being effectuated, and so his claims concerning these disciplinary proceedings are not cognizable in a § 2241 habeas petition. See Cardona v. Bledsoe, 681 F.3d 533, 536-37 (3d Cir. 2012) (explaining that the district court lacked § 2241 habeas jurisdiction absent allegations that the challenged Bureau of Prisons conduct was "somehow inconsistent with a command or recommendation in the sentencing judgment"); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (distinguishing a habeas challenge attacking the fact or duration of the sentence from a challenge to a condition of confinement that does not alter the sentence).

For the foregoing reasons, we will affirm the District Court's order dismissing Hall's § 2241 habeas petition.