NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1286
_____

WILLIAM F. KAETZ,
                                        Appellant

v.

UNITED STATES OF AMERICA;
WARDEN NEOCC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-01614)
District Judge:  Honorable J. Nicholas Ranjan
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2022

Before: AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: May 11, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

William Kaetz appeals from an order dismissing a habeas petition that he filed under 28 U.S.C. § 2241. We will affirm.

I.

Kaetz was charged with crimes relating to his threats to kill a federal judge. He ultimately pleaded guilty to one count of publicizing restricted information (i.e., the judge's home address) in violation of 18 U.S.C. §§ 119(a)(1) and (a)(2).

In Kaetz's plea agreement, the parties stipulated to a sentence of (1) 16 months of imprisonment, and (2) three years of supervised release, the first six months of which would be served in home detention. (W.D. Pa. Crim. No. 2-21-cr-00211-NR-1, ECF No. 111-1 at 3-4.)[1] During Kaetz's plea colloquy and sentencing, the court also explained that Kaetz's six-month period of home detention was part of his supervised release and was in addition to 16 months of imprisonment. (ECF No. 118 at 22, 49-50.) Consistent with these terms, the court entered a judgment of sentence providing for separate terms of (1) 16 months of imprisonment, and (2) three years of supervised release, including 180 days of home detention. (ECF No. 116 at 2-3, 5.)

Kaetz later filed a § 2241 habeas petition challenging the execution of this sentence. When he first submitted his petition, he was still in prison and sought immediate release. He claimed that (1) his six-month period of home detention constituted part of his 16-month prison sentence, thus leaving him with only a 10-month prison sentence, and (2) he already had been imprisoned for 10 months. But on

---

[1] All citations to ECF herein are to Kaetz's criminal proceeding.

December 6, 2021, Kaetz was released from prison after serving his 16-month prison term and began to serve the six-month period of home detention as part of his supervised release. After that, he amended his claim to seek release from his period of home detention on the ground that he already had served it as part of his 16 months in prison.

A Magistrate Judge recommended dismissing Kaetz's petition on the grounds that it was moot to the extent that he sought release from prison and that it was otherwise not cognizable under § 2241. The District Court adopted that recommendation and added that Kaetz's challenge lacked merit. Kaetz appeals.[2]

II.

We will affirm. Kaetz's initial claim for release from prison became moot when he was released, but his amended claim for release from home detention is not moot because he is still serving that part of his sentence. See Burkey, 556 F.3d at 147-48. Kaetz claims that his home detention is unlawful for several reasons, including that it violates various provisions of the Sentencing Guidelines. For these claims to be cognizable under § 2241 as challenges to the execution of his sentence, Kaetz would have to claim that his home detention is "somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). As explained above, however, Kaetz's period of home detention was expressly imposed by his sentencing judgment. Thus, Kaetz's claims would appear to be

---

[2] Kaetz does not require a certificate of appealability to appeal the denial of his § 2241 petition, and we have jurisdiction under 28 U.S.C. § 1291. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

addressed to the underline(validity) of that judgment, not its execution. To that extent, his claims can be raised only under § 2255 as the Magistrate Judge explained. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-42 (3d Cir. 2005).

Nevertheless, Kaetz's claim based on the Guidelines could be construed as a claim that his home detention violates his sentence as that sentence is properly understood. To that extent, this claim could be characterized as a challenge to the execution of his sentence under § 2241.[3] To the same extent, however, this claim lacks merit and that issue does not present a substantial question.

Kaetz claims that home detention constitutes imprisonment and that his continued detention is unlawful because he already has served the 16 months in prison ordered by the District Court. He relies on statements in the Guidelines that "[h]ome detention may be imposed as a condition of supervised release, but only as a substitute for imprisonment." U.S.S.G. § 5D1.3(e)(2) (emphasis added); see also U.S.S.G. § 5F1.2 (same). From those statements, Kaetz concludes that his six-month period of home detention is a "substitute" for six of the 16 months of imprisonment imposed by the District Court. That conclusion does not follow. Kaetz assumes that these provisions make home detention a substitute for imprisonment that the court imposed. The opposite is true. Home detention is a substitute, not for imprisonment that the court imposed, but for imprisonment that the court could have imposed but did not.

---

[3] We need not address whether Kaetz's petition satisfies other requirements for § 2241 relief, including filing in the proper venue and naming the proper custodian.

4

Kaetz's reliance on these provisions is otherwise misplaced. These provisions advise courts on how to <u>impose</u> a sentence.[4] They do not tell the Bureau of Prisons or other authorities how to <u>execute</u> a sentence once imposed. Thus, these provisions do not support Kaetz's claim of error in the execution of his sentence. These provisions aside, Kaetz cannot claim any error in the execution of that sentence according to its express terms. If Kaetz wants relief from his term of supervised release, he can file an appropriate motion in his criminal case as the Magistrate Judge advised. <u>See</u> 18 U.S.C. § 3583(e). We express no opinion on whether such relief might be warranted.

III.

For these reasons, we will affirm the judgment of the District Court.

---

[4] Thus, some courts have relied on these provisions in holding that courts may not impose a combined term of imprisonment and home detention that exceeds the statutory maximum sentence, <u>see, e.g.</u>, <u>United States v. Blinn</u>, 490 F.3d 586, 587-88 (7th Cir. 2007) (collecting cases), or a sentencing cap in a plea agreement, <u>see</u> <u>United States v. T.M.</u>, 330 F.3d 1235, 1242-43 (9th Cir. 2003). No such circumstance is present here. Kaetz's combined term of 22 months in prison and home detention is within both the five-year maximum sentence for the crime to which he pleaded guilty, <u>see</u> 18 U.S.C. § 119(a), and the Guidelines range of 21-27 months to which the parties stipulated at sentencing (ECF No. 118 at 36). The plea agreement also expressly provides for that combined 22-month term. Kaetz argues that he understood otherwise because his counsel gave him bad advice. This argument goes to the validity of Kaetz's sentence and must be asserted under § 2255. But given the impending completion of Kaetz's home detention, we note that this argument lacks merit. Kaetz testified at his plea colloquy that no one had made any sentencing guarantee or promise "[o]ther than what is in the plea agreement[.]" (<u>Id.</u> at 17.) And Kaetz's plea agreement expressly provides for separate terms of 16 months in prison and six months of home detention, as both the parties and the court made clear at the plea colloquy and sentencing. (ECF No. 118 at 16, 22, 39.) Thus, "any possible error in plea counsel's advice . . . was cured by the plea agreement and at the plea colloquy." <u>United States v. Fazio</u>, 795 F.3d 421, 428 (3d Cir. 2015).

5