**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1508
_____

JACK WILLIAM MORGAN,
                                        Appellant

v.

WARDEN OF USP-ALLENWOOD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-00094)
District Judge:  Honorable Karoline Mehalchick
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 29, 2025

Before: RESTREPO, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: January 29, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Jack Morgan appeals pro se from the decision of the United States District Court for the Middle District of Pennsylvania ("the MDPA") dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241.  We will affirm that judgment.

I.

Morgan is serving a life sentence imposed by the United States District Court for the District of Nevada ("the DNV") in 2018.  In 2022, the Federal Bureau of Prisons ("BOP") charged him with possessing a dangerous weapon after a knife was found in his cell.  Shortly thereafter, he appeared before a Discipline Hearing Officer ("DHO"), who sustained the charge and imposed the following sanctions:  90 days of disciplinary segregation, a $120 fine, and loss of commissary, mattress, and phone privileges for 90 days.

In January 2024, at which point Morgan was incarcerated at a federal prison in the Middle District of Pennsylvania, he filed a pro se habeas petition in the MDPA pursuant to § 2241.  The petition claimed that a prison official had planted the knife in Morgan's cell because he (Morgan) had refused to reenter the general prison population.  Based on this claim, Morgan sought to have the disciplinary incident report and the fine expunged from his prison record, and for the prison official to be disciplined.

The BOP opposed the petition, arguing that the MDPA "lacks § 2241 jurisdiction and cannot decide Morgan's claim because the DHO did not impose the sanctioned loss of good conduct time."  Dist. Ct. Dkt. No. 8, at 1.  Thereafter, on March 5, 2024, the

2

District Court dismissed the petition, stating that "Morgan fails to set forth a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interests that are protected by the Due Process Clause." Dist. Ct. Dkt. No. 9, at 2. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We exercise plenary review over the MDPA's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Section 2241 gives a district court jurisdiction over "the petition of a federal prisoner who is [attacking] not the validity but the execution of his sentence." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). Although a constitutional challenge to prison disciplinary proceedings that result in the loss of good-conduct-time credits qualifies as an attack on the execution of the prisoner's sentence (because that sanction can affect the sentence's duration), see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam), no such sanction is at issue in Morgan's case. Furthermore, none of the sanctions that Morgan *did* receive contradict the terms of the sentencing court's

---

[1] Morgan does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

judgment. Accordingly, the MDPA did not err in dismissing Morgan's § 2241 petition.
See Cardona, 681 F.3d at 537 ("In order to challenge the execution of his sentence under
§ 2241, Cardona would need to allege that [the] BOP's conduct was somehow
inconsistent with a command or recommendation in the sentencing judgment.").

In view of the above, we will affirm the District Court's Judgment.[2]

---

[2] On September 20, 2024, this Court denied Morgan's motion for appointment of counsel on appeal. To the extent that his appellate brief once again requests appointment of counsel, that request is denied.